## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

- - - - - - - -

| | |
|---|---|
| CONSTRUCTION MANAGEMENT CORPORATION d/b/a GREEN SHIELD<br><br>Plaintiff,<br><br>v.<br><br>JASON LOCKE, formerly JASON JUBERG, BRANDIE LOCKE, ADAM ROUGHT, JASON LYONS<br><br>Defendants. | Civil Action No.<br><br><br><br>COMPLAINT AND JURY DEMAND |

## COMPLAINT

Construction Management Corp. dba Green Shield hereby complains of Jason Locke (formerly Jason Juberg), Brandie Locke, Adam Rought and Jason Lyons and alleges as follows:

## NATURE OF THE ACTION

1.      This action arises out of Defendants' knowing and willful infringement and inducement of infringement of Plaintiff's trademark and trade name rights and deliberate copying of the distinctive GREEN SHIELD, GREEN SHIELD BUILDERS and G Design Logo trademarks and trade names which Plaintiff has used for many years and long prior to any use by Defendants, all in combination with Defendants' company Green Shield Home LLC.

2.      In a deliberate attempt to misappropriate and trade off the valuable goodwill that Plaintiff has developed through long use, substantial effort and expense, Defendants in combination with Green Shield Home LLC are marketing their competing services and related products under the confusingly similar GREEN SHIELD, GREEN SHIELD DECK BUILDERS,

1

GREEN SHIELD HOME IMPROVEMENT and G Design Logo trademarks and names. Defendants' slavish copying and unlawful conduct and Defendants' participation in, direction and inducement of the conduct of Green Shield Home LLC in its slavish copying and unlawful conduct has caused actual confusion in the trade among customers and potential customers resulting in irreparable harm to Plaintiff and will continue to cause Plaintiff irreparable harm unless Defendants' unlawful conduct is enjoined.

3.      By this action Plaintiff seeks injunctive relief and damages based on false designation of origin, trademark infringement, trade name infringement, and unfair competition in violation of 15 U.S.C. §1125(a), the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*., and Michigan common law.

## THE PARTIES

4.      Construction Management Corp. dba Green Shield ("CMC") is a corporation organized and existing under the laws of the State of Michigan, registered to do business in the State of Michigan with a principal place of business at 3850 Hill Valley Drive, Traverse City, Michigan 49685, and is doing business in this District and elsewhere in the State of Michigan.

5.      Green Shield Home LLC dba Green Shield Deck Builders ("Green Shield Home") upon information and belief, is a Michigan limited liability company operating and doing business with a registered office of 977 Ada Place Drive SE, Grand Rapids, Michigan 49546, a main office and place of business at 1801 Breton Road SE, Grand Rapids, Michigan 49506, and a place of business at 4386 Airwest Drive SE, Kentwood, Michigan 49512.

6.      Defendant Jason Locke is an individual, upon information and belief, residing in the Western District of Michigan at 2663 Eagle Ridge, Fruitport, Michigan 49415, and is an employee of Green Shield Home LLC, working in the Western District of Michigan primarily at

the facilities Green Shield Home at 1801 Breton Road SE, Grand Rapids, Michigan 49506. Defendant Jason Locke, upon information and belief, is and has been directly involved in the activities of Green Shield Home and in directing the activities of Green Shield Home, including direct involvement in the development and adoption of the trademarks and tradenames used by Green Shield Home which are asserted to violate rights of Plaintiff CMC.

7.      Defendant Brandie Locke is an individual, upon information and belief, residing in the Western District of Michigan at 2663 Eagle Ridge, Fruitport, Michigan 49415, and is the spouse of Defendant Jason Locke. Defendant Brandie Locke, upon information and belief, is an employee of Green Shield Home LLC, working in the Western District of Michigan primarily at the facilities at 1801 Breton Road SE, Grand Rapids, Michigan 49506, and is listed as being an owner-member of Green Shield Home. Upon information and belief Defendant Brandie Locke is and has been directly involved in and has directed activities of Green Shield Home, including direct involvement and direction of Green Shield Home in the development and adoption of the trademarks and tradenames used by Green Shield Home which are asserted to violate rights of Plaintiff CMC.

8.      Defendant Adam Rought is an individual, upon information and belief, residing at 1362 South Satterlee Road, Gowen, Michigan 49326, and is Chief Executive Officer and an owner-member of Green Shield Home LLC, working in the Western District of Michigan primarily at the facilities at 1801 Breton Road SE, Grand Rapids, Michigan 49506. Upon information and belief Defendant Adam Rought is and has been directly involved in and directed activities of Green Shield Home, including direct involvement and direction of Green Shield Home in the development and adoption of the trademarks and tradenames used by Green Shield Home which are asserted to violate rights of Plaintiff CMC.

9.     Defendant Jason Lyons is an individual, upon information and belief, residing in the Grand Rapids, Michigan area, and is Corporate Manager and an owner-member of Green Shield Home LLC, working in the Western District of Michigan primarily at the facilities at 1801 Breton Road SE, Grand Rapids, Michigan 49506. Upon information and belief Defendant Jason Lyons is and has been directly involved in and directed activities of Green Shield Home, including direct involvement and direction of Green Shield Home in the development and adoption of the trademarks and tradenames used by Green Shield Home which are asserted to violate rights of Plaintiff CMC.

10.     Defendants, upon information and belief, are collectively doing business within the State of Michigan and within the Western District of Michigan, and are engaged in continuous and systematic business within the Western District of Michigan and in the direction of Green Shield Home in its continuous and systematic conduct of business within the Western District of Michigan, conducting and soliciting business within the Western District and deriving substantial revenue from the sales of their services and/or products within the Western District of Michigan.

11.     This action arises under the false designation of origin laws, as a result of Defendants' willful infringement and inducement of infringement of valid rights in Plaintiff CMC's trademark rights as hereinafter defined, and other unlawful activities conducted by Defendants in connection with such violations.

## **JURISDICTION AND VENUE**

12.     This action arises under the false designation of origin laws of the United States, Title 35 of the United States Code, §§1 et seq.

13.     This Court has jurisdiction over this action pursuant to federal question jurisdiction under 28 U.S.C. §§1331, 1338, and 1367, and the Trademark Laws of the United States 15 U.S.C.

4

§§1051 *et seq*, 1116 and 1121.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This Court has supplemental jurisdiction over the State and common law claims pursuant to 28 U.S.C. §§1367(a) because those claims are substantially related to Plaintiff's federal claims and form part of the same case or controversy as CMC's federal claims.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1391(c).  Plaintiff is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendants are located in and subject to personal jurisdiction in this State and District.  On information and belief, a substantial part of the events giving rise to the claims occurred in this District, including Defendants' marketing and sales of their infringing services and goods in this District and inducement of the marketing and sales of their infringing services and goods in this District.

## FACTUAL ALLEGATIONS

15.    Plaintiff CMC is a contracting company engaged in providing contracting services in the State of Michigan, including such services for both residential and commercial customers, and including design, engineering and building services for new construction, full or partial remodeling, custom exteriors and interiors, and including such services for building, reconstruction and repair of decking, roofing, siding and windows as well as full buildings and the like.  For many years Plaintiff CMC has been engaged in the design, engineering, construction, marketing and sales of such services, including planning and project management with emphasis on both residential and commercial facilities.

16.    Plaintiff CMC was incorporated on or about February 3, 2009. Since its incorporation, Plaintiff CMC has been engaged in the business of general contracting and

providing such services and associated goods in the State of Michigan, and including in the Western District of Michigan. Over the years Plaintiff CMC has provided its services and goods in Michigan, and including in the Traverse City, Michigan region that enjoys substantial tourism and visitors by persons from throughout Michigan and elsewhere, and having substantial numbers and business involving second homes, cottages and vacation homes of people otherwise located throughout Michigan and elsewhere.

17.    Plaintiff CMC has long used the trademark GREEN SHIELD in association with its business and services, including its contracting services, and in particular in association with Plaintiff CMC's services involving building, reconstruction, and repair of decking, roofing, siding, windows and other items. Plaintiff CMC has likewise long used the trademark GREEN SHIELD BUILDERS in association with its business and services, including its contracting services, and in particular in association with Plaintiff CMC's services involving building, reconstruction, and repair of decking, roofing, siding, windows and other items.

18.    Plaintiff CMC has also long used the trade names GREEN SHIELD and GREEN SHIELD BUILDERS in association with and as the trade names of its business. Plaintiff CMC has conducted business under its trade names GREEN SHIELD and GREEN SHIELD BUILDERS in association with its business almost since its inception in providing contractor services and associated goods.

19.    Plaintiff CMC registered its Assumed Name GREEN SHIELD with the State of Michigan on or about May 19, 2010. Since that registration Plaintiff CMC has consistently renewed its Assumed Name registration of GREEN SHIELD. Since before Plaintiff CMC's registration of its Assumed Name GREEN SHIELD, and continuously since its registration with

the State of Michigan, Plaintiff CMC has used its Assumed Name GREEN SHIELD as the trade name of its business and in association with the providing of services under that trade name.

20.    In addition to its GREEN SHIELD and GREEN SHIELD BUILDERS trademarks and trade names, for many years Plaintiff CMC has continuously used a G Design Logo in association with the marketing and sale of GS Home's services and associated goods. GS Home's G Design Logo incorporates the letter G in a shield design and draws a direct association with Plaintiff CMC and Plaintiff CMC's trade names, and with Plaintiff CMC's business, trademarks and services. Plaintiff CMC has continuously used its G Design Logo itself as shown below:

 

21.    For many years Plaintiff CMC has continuously used a G GREEN SHIELD BUILDERS Design Logo in association with the marketing and sale of Plaintiff CMC's services and associated goods. Plaintiff CMC's G GREEN SHIELD BUILDERS Design Logo draws a direct association with Plaintiff CMC and Plaintiff CMC's trade names, and with Plaintiff CMC's business, trademarks and services. Plaintiff CMC has continuously used its G GREEN SHIELD BUILDERS Design Logo as shown below.







22.    Plaintiff CMC has been actively using the marks GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo as trademarks for Plaintiff CMC and its services in interstate commerce for many years.

23.    The services and goods of Plaintiff CMC, in connection with which the marks GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo and trade names GREEN SHIELD and GREEN SHIELD BUILDERS have

8

been used and extensively promoted and marketed throughout Michigan and through various forms of media.  Plaintiff CMC has expended substantial amounts of time, money, and effort in promoting and popularizing its GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo trademarks and trade names, whereby Plaintiff CMC has acquired substantial goodwill in the trademarks and trade names so that the trade in general and the purchasing public in particular have come to know and recognize GS Home's GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo brand products and to know that the former originated from Plaintiff CMC.  As a result of such extensive promotion and use, and the quality of GS Home's services and goods, the Plaintiff CMC's GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo trademarks and trade names have become widely and favorably known, are valuable assets of Plaintiff CMC, and are symbols of its goodwill.

24.    Plaintiff CMC's services and goods bearing and associated with the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo trademarks and trade names have been marketed in various ways, including marketing directly to consumers over the Internet, in signage and in other ways. As shown below is a home webpage of Plaintiff CMC used in marketing its services, www.greenshieldbuilders.com.





25.    As shown below is an example of signage used by Plaintiff CMC at worksites at which services and goods are provided:



26.    Plaintiff CMC's trademarks and trade names GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo are the exclusive property of Plaintiff CMC and are strong marks, not descriptive, nor suggestive, nor misdescriptive of the Plaintiff CMC's services and goods.

27.    As a result of widespread public use and recognition, the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo trademarks and trade names have become assets of significant value and goodwill, and are successful indicators of the source of Plaintiff CMC's services and goods.

28.    As a result of many years of longstanding and widespread use and marketing under the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo trademarks and trade names, and as a result of widespread public recognition, Plaintiff CMC has extensive common law rights in the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo trademarks and trade names.

29.    Upon information and belief, Green Shield Home is a marketer and distributor of services and associated goods involving construction, reconstruction and repair, including such services and goods for residential and commercial decks, roofing, siding, windows and other items, all of which are marketed and sold in Michigan ("the Infringing Services").

30.    Upon information and belief, the services and associated goods of Green Shield Home include services and goods for residential customers and comprise consumer services and goods.

31.    Upon information and belief, Green Shield Home was originally organized under the name Aegis Home Safety and Retirement Securities LLC ("Aegis") on or around July 31, 2018.

32.    Upon information and belief, one or more owners of Green Shield Home purchased Aegis.

33.    Upon information and belief, on or around December 26, 2019 one or more of Defendants filed to change the company name of Aegis to Green Shield Home LLC. One or more of Defendants, upon information and belief, thereafter on or around September 23, 2022 filed for the assumed name Green Shield Deck Builders for Green Shield Home LLC.

34.    Upon information and belief, Green Shield Home and Defendants also subsequently commenced in the use of the name and mark GREEN SHIELD HOME IMPROVEMENT as well as a G Design Logo mark in marketing to advertise and sell a variety of services, including services for residential and commercial projects.

35.    Defendant Jason Locke, upon information and belief, then operating under the name Jason Juberg, was indicted for a number of federal felony counts (*United States of America v David Wilson McQueen, Trent Edward Francke, Jason Eric Juberg, a/k/a/ Jason Toader, and*

*Donald Lawrence Juberg*, Case No. 1:11-cr-00335, Fourth Superseding Indictment, paras. 3, 21-34, 81-110, November 20, 2013 (W.D. Mich) (ECF No. 176, hereinafter the "Indictment")), including allegations that Jason Juberg took steps regarding significant funds "for the purpose of hiding it from potential seizure," instructed others to delete information from computers to prepare for possible visits from State regulators, and "used aliases and/or relied upon relatives and friends, and other nominees, to conceal their assets by placing money into their relatives and friends' accounts." (Indictment *id*., paras. 58, 98A, 110 (ECF No. 176). A copy of excerpts of the Fourth Superseding Indictment are attached as **Exhibit A**.

36.     Defendant Jason Locke, then Jason Juberg, upon information and belief, pled to and was ultimately found guilty of at least one federal felony count. (*United States of America v Jason Eric Juberg,* Case No. 1:11-cr-00335, Plea Agreement , February 12, 2014 (ECF No. 233), Order March 3, 2014 (ECF No. 246). A copy of the Order entering the plea agreement and adjudicating Eric Juberg guilty is attached as **Exhibit B**. Upon information and belief, Jason Juberg, now Defendant Jason Locke, was sentenced to imprisonment, and restitution ordered in the amount of **$ 12,240.124.67** (*United States of America v Jason Eric Juberg,* Case No. 1:11-cr-00335, Sentencing Minutes, December 2, 2014, (ECF No. 433). A copy of the Sentencing Minutes are attached as **Exhibit C**.

37.     Green Shield Home received a Writ of Continuing Garnishment from the United States District Court for the Western District of Michigan, regarding the restitution order entered against Jason Locke. (Case No. 1:11-cr-00335, Writ of Continuing Garnishment, November 2, 2021 (ECF No. 591). A copy of the Writ of Continuing Garnishment is attached as **Exhibit D**. Green Shield Home, upon information and belief, filed Garnishee's Verified Response to Writ of

Continuing Garnishment. (Case No. 1:11-cr-00335, December 2, 2021 (ECF No. 593). A copy of Garnishee's Verified Response to Writ of Continuing Garnishment is attached as **Exhibit E**.

38.     Defendant Brandie Locke, upon information and belief, is listed as having ownership of Green Shield Home LLC, rather than Defendant Jason Locke being listed as having ownership of Green Shield Home LLC, in efforts to shield monies and assets from the restitution order in place as to Defendant Jason Locke and the Writ of Garnishment served on Green Shield Home.

39.     The marks used by Green Shield Home are similar to and closely emulate the marks of Plaintiff CMC. As shown below, the marks used by Defendant are close copies of the marks of Plaintiff CMC and are used in the marketing and sale of competing and overlapping services and associated goods.

| Plaintiff CMC's Marks | Defendants' Marks |
|---|---|
| **GREEN SHIELD**<br><br>**GREEN SHIELD BUILDERS**<br><br><br> | <br> |



40.    As shown below are advertising materials from the website of Green Shield Home,

marketing services under the infringing marks GREEN SHIELD, GREEN SHIELD DECK

BUILDERS and G Design Logo.





41.    Upon information and belief, as shown below are examples of billboard signage advertising materials of Green Shield Home marketing services under the infringing marks

16

GREEN SHIELD, GREEN SHIELD DECK BUILDERS and G Design Logo, which billboards

are located throughout the State of Michigan and throughout this District.





42.    As shown below are materials from the website of Green Shield Home representing that Green Shield Home markets its company as making $200,000.00 per day in its use of the infringing trademarks and trade names:



43.    Upon information and belief, Green Shield Home and Defendants engage in marketing, including online marketing for sales, using the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks to advertise and sell a variety of services, including services for residential and commercial projects.

44.    Upon information and belief, Green Shield Home markets and distributes its infringing services and Goods throughout Michigan.

45.    Upon information and belief, Green Shield Home and Defendants also engage in marketing, including online marketing for sales, using the name and mark GREEN SHIELD HOME IMPROVEMENT as well as a G Design Logo mark to advertise and sell a variety of services, including services for residential and commercial projects, as shown below.





46.    As shown below is an example of marketing materials distributed via the internet, which upon information and belief originate from Green Shield Home.



47.    As shown below Green Shield Home has in the past also used signage to be taken to worksites that include GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks to promote their services regarding "decking roofing siding windows".







48.    Upon learning of the activities of Green Shield Home, in 2023 Plaintiff CMC notified Green Shield Home of the trademark and trade name rights of Plaintiff CMC and demanded Green Shield Home cease their infringing activities. Counsel for the parties and the parties themselves engaged in communications, with Green Shield Home making various false allegations regarding Green Shield Home having restricted its activities solely to deck building and Green Shield Home having not done any business in the Traverse City region, but Green Shield Home did not cease their infringing activities.

49.    During the summer of 2024 Defendants and Green Shield Home targeted the Traverse City, Michigan market with advertising of Green Shield Home's infringing services. Traverse City is and always has been the headquarters of Plaintiff CMC and a region of Michigan

in which Plaintiff CMC conducts an extensive amount of business under its trademarks and trade names GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo, and by which Plaintiff CMC enjoys widespread recognition of its services throughout Michigan.

50.    Among the advertising by Green Shield Home targeting the Traverse City, Michigan market were brochures sent to actual customers and potential customers of Plaintiff CMC in the Traverse City region. The brochure of  Green Shield Home prominently displays the infringing GREEN SHIELD, GREEN SHIELD DECK BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks. As shown below is one of Green Shield Home's marketing materials targeting CMC's customers and potential customers in the Traverse City, Michigan region.





51.    Upon information and belief, Green Shield Home and Defendants have had

knowledge of Plaintiff CMC, of Plaintiff CMC's trademarks and of Plaintiff CMC's services and

goods, including services sold under the GREEN SHIELD, GREEN SHIELD BUILDERS, G

GREEN SHIELD BUILDERS Design Logo and G Design Logo marks, all prior to Green Shield

Home's adoption and commencing use of the respective GREEN SHIELD, GREEN SHIELD

DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks and sales of services and goods in association with those marks.

52.    Green Shield Home and Defendants' use of the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks is confusingly similar with and in fact identical to Plaintiff CMC's GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks and trade names.

53.    Upon information and belief, Green Shield Home and Defendants have had knowledge of Plaintiff CMC's rights in the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks and trade names.  Plaintiff CMC has given actual notice to Green Shield Home of Plaintiff CMC's rights in the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks and trade names and of Green Shield Home's infringement and violation of thereof. Green Shield Home and Defendants have refused to cease their continued unauthorized use of the infringing marks and names.  Upon information and belief, Green Shield Home and Defendants are still actively engaged in and involved with the continued willful infringement of such rights and other unlawful acts complained of herein.

54.    Plaintiff CMC has filed petitions in the United States Patent and Trademark Office (USPTO) seeking cancellation of four registrations obtained by Green Shield Home resulting in four Cancellation Proceedings, now consolidated, namely Cancellation Proceedings 920865567; 920865571; 92086572; and 92087735 (the "Cancellation Proceedings"). The Cancellation Proceedings are currently pending, and the parties have engaged in discovery in those Cancellation Proceedings, including written discovery demands and depositions.

55.    Subsequent to the institution of the Cancellation Proceedings, Green Shield Home LLC filed a declaratory judgment action in the United States District Court for the Eastern District of Michigan against Construction Management Corp.

56.    The services and goods of Green Shield Home directly compete with the Plaintiff CMC's services and goods sold under the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks.

57.    The consumers and potential consumers of Plaintiff CMC's services and goods sold under the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks are identical to the consumers and potential consumers of the Green Shield Home's services and goods.

58.    Upon information and belief, Green Shield Home's services and goods are sold in the same channels of trade as the services and goods of Plaintiff CMC sold under the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks.

59.    Green Shield Home and Defendants' infringing activities are likely to cause confusion, mistake and deception among the consuming public as to the origin of the Infringing Services and Goods.

60.    Green Shield Home and Defendants' infringing activities have already resulted in substantial actual confusion among the consuming public as to the origin of the Green Shield Home's infringing services and goods and as to an affiliation between Plaintiff CMC and Green Shield Home and Green Shield Home's Infringing Services and Goods. Plaintiff CMC has received inquiries from customers and potential customers regarding the relationship between Plaintiff CMC and the infringing activities of Green Shield Home.

61.     Any faults or negative results and perceptions regarding Green Shield Home that result from its activities and business will reflect negatively on and injure Plaintiff CMC due to the likelihood of confusion created by Green Shield Home and Defendants' actions and the mistake and confusion as to source or affiliation of Green Shield Home with Plaintiff CMC that result from Green Shield Home and Defendants' violations of Plaintiff CMC's rights. Upon information and belief, Green Shield Home has received negative reviews and comments regarding their activities. Upon information and belief, as follows are examples of reviews posted on Reddit regarding Green Shield Home.

 **throwmeaway2bttrdayz** · 1y ago ·

A coworker got work done by them. Cost 20,000. They were not smart or efficient with measuring of the material so they ended up paying for more material half way through. They did damage to their siding. The supervisor came out and she voiced her concerns. He said he thought the crew was doing a great job. Later on the crew was replaced. The job took 2 months instead of 1 and they gave them a discount if they left a 5 star review which is why there are not many negative reviews. Also had an old classmate work for them. He said he would vouch for SOME of the crews but not for the company. Called them money hungry green giant.

 **richardrrcc** · 1y ago ·

I had them quote a siding job. The salesperson was extremely pushy, rude, and spent more time badmouthing competitors. I opted to use their competitor. Very satisfied.

62.     As follows, upon information and belief, is an example of a published Better Business Bureau Complaint regarding Green Shield Home.

**Initial Complaint** 04/22/2022    **Complaint Type:**    Service or Repair Issues
**Status:** Answered

I called Green Shield for a simple door frame repair. The charming (so charming) salesman / representative came to the house and virtually ignored my simple request in the beginning. Instead, he took a quick look at the door frame and informed me that I'd need it rebuilt, since it wasn't a standard one. My door is fine. He failed to tell me that the rot on the bottom of the frame actually could be repaired. He was a high flyer. Instead, he hauled in numerous brochures about my need to replace my back porch (which is solid and replaced in 2016. He said I should consider a much more expensive one. Then I had to endure his BS about my roof and the need to have it replaced with "more modern" waterproof tile. Two years ago, my roofer told me I should replace my roof in about 5 years. THEN, the salesman says, "we can do all three and give you a discount on all, if you sign." I JUST WANTED the door frame FIXED! This bunch tried to scam me for things I DID NOT NEED!!! Later, I called and said, "Gee, I guess I just want the door fixed." The quote, with the new frame and subsequently a custom door would be $2,500. Since I agreed to that INSANE price, I went ahead and gave them 1/2 up front. Then the charmer calls me a month later and says, "gee, we can't door your door." I guess, at that time, when they were busy enough with bigger projects, they wanted to shove me under the rug. I was furious. Charmer tells me to call gal in charge, ********** I did and she calmed me down. "Oh, I don't know why he said that, don't understand! Please be patient (blaming said salesman). "We'll have someone out there in November or December. Yeah, that didn't happen. I called ********* back in Jan. & said, "this is BS." give my $1,025. deposit back. They did. But after asking if they could come later, she said, "certainly!" Again, it never happened. Furthermore, after the attempted rip-off, I found out that door frame could be repaired for MUCH LESS. Old day HUCKSTER TACTICS w/ this bunch.

63.    Upon information and belief, as follows is a review posted on Yelp regarding Green Shield Home.



**Annemarie K.**
San Francisco, CA
📷 0  ⊙ 2



⭐☆☆☆☆   Jun 9, 2024

We contacted Green Shield Deck Builders through Angie's List. Apparently companies pay to get on this list, I can't imagine how they would get on the list otherwise. We had a sales rep come to our house to give an estimate to replace our aging deck...the first company we contacted. Green Shield's sales practice boarders on coersion. He gave us a quote of $39,121 ... only good for that day! If we chose to get quotes from other companies and waited a week or so to hire them, our cost would have increased to $51,429. Where on this planet is this even close to reasonable? This is our first time replacing a deck and we had numerous questions. We also wanted more than one opinion and more than one quote. There was no way we were going to sign on the dotted line that same day. We hired another company!

64.     Uon information and belief, as follows are comments posted online after an article posted on "At Water's Edge: A Contemporary Grand Rapids Blog" entitled: "The Aftereffects of Michigan's Largest Ponzi Scheme":



65.    Green Shield Home's use of the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks and trade names in connection with Green Shield Home's services and goods creates a false designation of origin, which is likely to cause confusion as to the affiliation, sponsorship or approval of Green Shield Home and its services and goods marketed under the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks and trade names.

66.    Green Shield Home and Defendants' sale of Infringing Services and Goods will cause Plaintiff CMC injury because such use is likely to cause confusion and/or mistake by wrongly leading persons to believe that the Infringing Services and Goods are provided by, sponsored by, endorsed by or otherwise associated with Plaintiff CMC.

67.    Green Shield Home and Defendants' sale of Infringing Services and Goods will cause Plaintiff CMC injury because such use is likely to cause confusion and/or mistake by wrongly leading persons to believe that Plaintiff CMC's services and goods are unauthorized or otherwise improper or otherwise associated with Green Shield Home as provided by, sponsored by, endorsed by or otherwise associated with Green Shield Home.

68.    In addition to causing confusion in the minds of consumers, Green Shield Home and Defendants' continued use of the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo is likely to cause mistake or to deceive, or otherwise injure, diminish or detract from the prior rights firmly established by Plaintiff CMC in and to the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo.

29

69.    The value of Plaintiff CMC's good will associated with its GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks will be impaired by Green Shield Home and Defendants' continued use of confusingly similar and identical marks on competitive goods, over which Plaintiff CMC has no quality control.

70.    Green Shield Home has undertaken large expenditures on marketing efforts including advertising and promotion which feature the infringing marks of Green Shield Home, including GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo. Said advertising and promotion by Green Shield Home and Defendants has damaged Plaintiff CMC in its business, causing the consuming public to believe and be likely to believe that Green Shield Home is affiliated with or sponsored by Plaintiff CMC, or vice versa, and undermine the legitimacy of Plaintiff CMC's activities. As a result, Plaintiff CMC will be forced to undertake substantial corrective advertising and/or damage control advertising to address the damage caused by Green Shield Home and Defendants' infringement, unfair competition and violation of Plaintiff CMC's rights.

71.    By reason of the foregoing, Plaintiff CMC will be damaged by the use of the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks by Green Shield Home.

## COUNT I

## **FEDERAL UNFAIR COMPETITION – VIOLATION OF 15 U.S.C. §1125(a)**

72.    Plaintiff CMC incorporates by reference the allegations of paragraphs 1-71 as if fully set forth herein.

30

73.    Upon information and belief, Green Shield Home and Defendants' unauthorized use of the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks and trade names on services and goods that are not authorized by Plaintiff CMC,  and was and is being conducted with full knowledge of Plaintiff's rights. The unauthorized use by Green Shield Home and Defendants in commerce of Plaintiff CMC's GREEN SHIELD, GREEN SHIELD DECK BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo trademarks and trade names, and formatives thereof such as including GREEN SHIELD HOME, on competitive services and goods is likely to cause the public to mistakenly believe that Green Shield Home's services and goods originate from, are sponsored by, or are in some way authorized by Plaintiff CMC, and constitutes false designations of origin or false descriptions or representations, and is likely to cause the mark to lose its significance as an indicator of origin.

74.    Upon information and belief, Defendants Jason Locke, Brandie Locke, Adam Rought and Jason Lyons, directed the actions of Green Shield Home in the aforesaid actions, and directly participated in the aforesaid unauthorized uses, false designations or origin and false descriptions or representations.

75.    The actions by Green Shield Home and Defendants are in violation of 15 U.S.C. §1125(a), Section 43(a) of the Lanham Act.

76.    Green Shield Home and Defendants' activities have willfully infringed and are infringing such rights of Plaintiff CMC in violation of 15 U.S.C. §1125(a).

77.    Green Shield Home and Defendants' unlawful actions as described above have caused and will cause irreparable harm to Plaintiff CMC unless permanently enjoined.

78.        Plaintiff CMC has no adequate remedy at law.

**COUNT II**

**COMMON LAW TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

79.    Plaintiff CMC incorporates by reference the allegations of paragraphs 1-78 as if fully set forth herein.

80.     Plaintiff CMC has substantial exclusive trademark rights in CMC's GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks at common law, and in each of them, including the common law of Michigan and elsewhere.  Plaintiff CMC has established substantial goodwill in its business, its products, and its trademarks.  Plaintiff CMC's GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks each represent a protectable trademark under the common law and substantial business assets of Plaintiff CMC.

81.     Plaintiff CMC has substantial exclusive trade names rights in Plaintiff CMC's GREEN SHIELD and GREEN SHIELD BUILDERS at common law, and in each of them, including the common law of Michigan and elsewhere.  Plaintiff CMC has established substantial goodwill in its business, its products, and its trade names.  Plaintiff CMC's GREEN SHIELD and GREEN SHIELD DECK BUILDERS trade names each represent a protectable trade name right under the common law and substantial business assets of Plaintiff CMC.

82.     Green Shield Home and Defendants' adoption and use of the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks and trade names, and formatives thereof such as including GREEN SHIELD HOME, constitute unfair competition at common law, including unfair competition under the common law of Michigan and elsewhere.

32

83.    Green Shield Home and Defendants' actions constitute trademark and trade name infringement at common law, including infringement under the common law of Michigan and elsewhere.

84.    Upon information and belief, Defendants Jason Locke, Brandie Locke, Adam Rought and Jason Lyons, directed the actions of Green Shield Home in the aforesaid actions, and directly participated in the aforesaid trademark infringement at common law, unfair competition at common law, and unfair competition under the common law of Michigan and elsewhere.

85.    Upon information and belief, Green Shield Home and Defendants' actions in infringing the common law trademark and trade name rights of Plaintiff CMC have been undertaken with knowledge of Plaintiff CMC's rights and with intention of misappropriating the goodwill associated with Plaintiff CMC's trademark rights.  Upon information and belief, Green Shield Home and Defendants' acts of trademark and trade name infringement have been willful.

86.    Plaintiff CMC has been damaged by Green Shield Home and Defendants' acts of infringement and unfair competition.

87.    Plaintiff CMC has suffered injuries as the result of Green Shield Home and Defendants' acts of infringement and unfair competition that are irreparable in nature, and Plaintiff CMC is without an adequate remedy at law.

**COUNT III**

**UNFAIR COMPETITIONAND TRADE PRACTICES
UNDER THE MICHIGAN CONSUMER PROTECTION ACT**

88.    Plaintiff CMC incorporates by reference the allegations of paragraphs 1-87 as if fully set forth herein.

89.    Green Shield Home and Defendants' acts, as described above, which have taken place and continue to take place in the State of Michigan and elsewhere throughout the United

33

States, constitute willful and knowing unfair trade practices in violation of Mich. Comp. Laws § 445.901, *et. seq.*

90.    Green Shield Home's adoption and use in commerce of the GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo marks and trade names, and formatives thereof such as including GREEN SHIELD HOME, for competitive and overlapping services and goods, is likely to cause confusion, mistake and/or deception or give the false and misleading impression that (a) the services and goods offered or sold by Green Shield Home and Defendants originate with or are under the control of a single source or are approved, backed or endorsed by a single source; and/or (b) Green Shield Home is a subsidiary, or licensee of, or in some way associated with, connected or related to Plaintiff CMC.

91.    Upon information and belief, Defendants Jason Locke, Brandie Locke, Adam Rought and Jason Lyons, directed the actions of Green Shield Home in the aforesaid actions, and directly participated in the aforesaid trademark and trade name infringement, unfair competition and unfair trade practices in violation of Mich. Comp. Laws § 445.901, *et. seq.*

92.    Upon information and belief, Green Shield Home and Defendants' actions have been undertaken with knowledge of Plaintiff CMC's rights in the GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks and trade names in an effort to trade upon the valuable reputation of Plaintiff CMC and its services and goods, with the intention of misappropriating the goodwill associated with Plaintiff CMC's trademark and trade name rights and/or in willful disregard of Plaintiff CMC's rights,   Upon information and belief, Green Shield Home and Defendants' acts of trademark and trade name infringement, unfair competition and unfair trade practices have been willful.

34

93.    Plaintiff CMC has been damaged by Green Shield Home and Defendants' acts of infringement, unfair competition and unfair trade practices.

94.    Plaintiff CMC has suffered injuries as the result of Green Shield Home and Defendants' acts of infringement, unfair competition and unfair trade practices that are irreparable in nature, and Plaintiff CMC is without an adequate remedy at law.

95.    Green Shield Home and Defendants committed such acts, and continue to commit such acts, in the conduct of trade or commerce in the State of Michigan and elsewhere.

96.    Plaintiff CMC has been damaged by Green Shield Home and Defendants' acts of infringement, unfair competition and unfair trade practices.

97.    Plaintiff CMC has suffered injuries as the result of Green Shield Home and Defendants' acts of infringement, unfair competition and unfair trade practices that are irreparable in nature, and Plaintiff CMC is without an adequate remedy at law.

WHEREFORE, Plaintiff CMC prays that this Court enter judgment in its favor against Defendants as follows:

A.    In favor of Plaintiff CMC and against Defendants on all of Plaintiff CMC's claims;

B.    That Plaintiff CMC is the owner of the entire right, title, and interest in and to the trademarks GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo;

C.    That Plaintiff CMC is the owner of the entire right, title, and interest in and to the trade names GREEN SHIELD and GREEN SHIELD BUILDERS;

D.    That Plaintiff CMC's rights in its GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo marks are valid,

enforceable, and have been infringed by Defendants and Defendants have induced infringement thereof, and that Defendants have violated relevant federal laws and regulations;

E.    That Defendants have violated and induced violation of 15 U.S.C. §1125(a);

F.    That Defendants have infringed and induced common law trademark rights and trade name rights of Plaintiff CMC;

G.    That Defendants have competed unfairly and induced unfair competition with Plaintiff CMC;

H.    That Defendants, their agents, servants, officers, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

1.    Using and/or inducing others to use Plaintiff CMC's GREEN SHIELD, GREEN SHIELD BUILDERS, G GREEN SHIELD BUILDERS Design Logo and G Design Logo trademarks, and all other designations, designs, and indicia which are likely to cause confusion, mistake, or deception with respect to Plaintiff CMC's rights;

2.    Using and/or inducing others to use Plaintiff CMC's GREEN SHIELD and GREEN SHIELD BUILDERS trade names, and all other designations, designs, and indicia which are likely to cause confusion, mistake, or deception with respect to Plaintiff CMC's rights;

3.    Using and/or inducing others to use any of the marks GREEN SHIELD, GREEN SHIELD DECK BUILDERS, GREEN SHIELD HOME IMPROVEMENT and G Design Logo; and

4.    Violating any proprietary rights of Plaintiff CMC.

I.      That Defendants willfully infringed Plaintiff CMC's rights;

J.      That Defendants be required to pay to Plaintiff CMC such damages, together with prejudgment interest thereon, as Plaintiff CMC has sustained as a consequence of Defendants' wrongful acts, together with prejudgment interest thereon, and to account for and return to Plaintiff CMC any money, profits, and advantages wrongfully gained by Defendants;

K.      That Defendants be required to pay Plaintiff CMC damages for corrective advertising and/or damage control advertising based on expenditures by Green Shield Home and Defendants on advertising and promotion in order to correct and respond to the overwhelming advertising by Green Shield Home and Defendants using infringing marks and for goods and services provided under infringing marks;

L.      That this is an exceptional case and Plaintiff CMC be awarded its costs and attorney's fees;

M.      That all damages sustained by Plaintiff CMC be increased, and increased up to three times, as the result of the willful nature of Defendants' violations;

N.      That the Court deliver up for impounding and destruction all products, fixtures, writings, signage, artwork, copies, and other materials which infringe Plaintiff CMC's rights, falsely designate source or origin, or otherwise facilitate Defendants' unfair competition with Plaintiff CMC;

O.      That Defendants be directed to file with the Court and serve on Plaintiff CMC, within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with this injunction; and

P.      That Plaintiff CMC be granted such further relief as the Court may deem appropriate.

## <u>JURY DEMAND</u>

Plaintiff Construction Management Corp. d/b/a Green Shield demands a trial by jury of all issues triable by jury in this action.

Respectfully Submitted,

Date: July 29, 2025

/s/ Terence J. Linn
Terence J. Linn
Karl T. Ondersma
Emily S. Fluent
Gardner, Linn, Burkhart & Ondersma LLP
2900 Charlevoix Drive SE, Suite 300
Grand Rapids, MI 49546
(616) 975-5500
linn@gardner-linn.com
ondersma@gardner-linn.com
fluent@gardner-linn.com
*Attorneys for Construction Management Corp.*
*d/b/a Green Shield*

38